UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| DALE NESTOR and DANIELLE HIMLEY-POFF, | § § § | No. 4:14–CV–036–DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| PENSKE TRUCK LEASING CO., L.P.; JASON SMITH; SPRING AVIATION, INC.; and GUIDING POST VENTURES, | § § § § § | |
| Defendants. | § § | |

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

  Before the Court is a Motion for Entry of Default Judgment filed by Plaintiffs Dale Nestor and Danielle Himley-Poff (collectively, "Plaintiffs") (Dkt. # 40) and a Report and Recommendation to Deny Plaintiff's Motion for Default Judgment Without Prejudice filed by United States Magistrate Judge David Counts. (Dkt. # 42.) After careful consideration, for the reasons that follow, the Court **ADOPTS IN PART** the Report and Recommendation of the Magistrate Judge. (Dkt. # 42.)

BACKGROUND

  The instant litigation arises from a motor vehicle accident occurring on or about January 16, 2014. ("Am. Compl.," Dkt. # 18 at 2.) On April 4, 2014,

1

Plaintiffs filed suit against Defendants Penske Truck Leasing Co., L.P. ("Penske") and Jason Smith ("Smith") in the 143rd District Court of Reeves County, Texas. (Dkt. # 1-2 at 4.)  Plaintiffs brought claims for negligence, negligence per se, and gross negligence.  (Id.)  On May 15, 2014, Penske filed an Answer in the state court action.  (Id. at 17.)  The next day, Penske filed its Notice of Removal pursuant to 28 U.S.C. § 1441(a).  (Dkt. # 1.)  On October 30, 2014, Plaintiffs filed an Unopposed Motion for Leave to File a First Amended Complaint (Dkt. # 12), which the Court granted.   Plaintiffs' Amended Complaint added Defendants Spring Aviation, Inc. ("Spring Aviation") and Guiding Post Ventures, Inc. ("Guiding Post") as parties in this case.  (Am. Compl. at 2.)

On March 5, 2015, Plaintiffs filed a Motion for Substitute Service, asserting that they were unable to serve Spring Aviation and Guiding Post.  (Dkt. # 29.)  On March 10, 2015, the Court denied Plaintiffs' Motion, finding that Plaintiffs had not diligently attempted to comply with Texas Rule of Civil Procedure Rule 106(a), as required by Federal Rule of Civil Procedure 4(e).  (Dkt. # 30.)  On March 30, 2015, Plaintiffs filed an Amended Motion for Substitute Service, explaining their attempts to comply with Rule 106(a).  (Dkt. # 32.)  On May 15, 2015, the Court granted Plaintiffs' Amended Motion (Dkt. # 34), and on May 28, 2015, Plaintiffs effectuated substitute service on Spring Aviation (Dkt. # 40-1) and Guiding Post (Dkt. # 40-2).

Neither Spring Aviation nor Guiding Post answered or otherwise responded to the Amended Complaint by the deadline imposed by the Federal Rules of Civil Procedure. On June 29, 2015, Plaintiffs filed a Motion for Default Judgment against Spring Aviation and Guiding Post. (Dkt. # 40.) On July 1, 2015, the Court referred Plaintiff's Motion to United States Magistrate Judge David Counts. On July 7, 2015, Judge Counts issued the instant Report and Recommendation recommending this Court deny Plaintiffs' Motion for Default Judgment without prejudice. (Dkt. # 42.) On the same day, the Clerk of Court entered a Clerk's Entry of Default against Spring Aviation and Guiding Post. (Dkt. # 41.)

## LEGAL STANDARD

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendation. Fed. R. Civ. P. 72(b)(2). The Court conducts a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report and

Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). In the instant case, because no party has objected to the Magistrate Judge's Report and Recommendation, the Court reviews the Magistrate Judge's Report and Recommendation for clear error.

## DISCUSSION

In the Fifth Circuit, there are three steps to obtaining a default judgment: (1) default by the defendant, (2) entry of default by the Clerk's office, and (3) entry of a default judgment by the district court. N.Y. Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. Id. The clerk will enter default when default is established by an affidavit or otherwise. Id. After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on that default. Id.

Even if a defendant is technically in default, a plaintiff is not entitled to a default judgment as a matter of right. Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam); accord Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996). When ruling on a motion for entry of default judgment, the district court must find a sufficient basis in the pleadings for the judgment entered. Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). A defendant's default serves as an admission of the facts in the complaint. Jackson v. FIE Corp.,

4

302 F.3d 515, 525 n.29 (5th Cir. 2002).  Based on those allegations, the district court must determine whether those facts state a claim upon which relief may be granted.  Lewis, 236 F.3d at 767.

After careful consideration, the Court adopts in part the Magistrate Judge's Report and Recommendation.  The Magistrate Judge concluded that Spring Aviation and Guiding Post's failure to plead or otherwise defend constitutes a default, and that the Clerk properly entered default against them.  Fed. R. Civ. P. 55(a).  The Magistrate Judge further determined that the grounds for default were clearly established: in their Amended Complaint, Plaintiffs alleged that Spring Aviation and/or Guiding Post operated and/or owned a truck traveling in front of Plaintiffs' vehicle, that the truck lost a tire, and that as a result Plaintiffs became involved in a motor vehicle accident in which they sustained severe injuries.  (Am. Compl. at 2.)  The Magistrate Judge determined that these allegations establish liability for Plaintiffs' causes of action of negligence, negligence per se, and gross negligence, and that Plaintiffs are now entitled to a default judgment.  The Court agrees with the Magistrate Judge's conclusion, and finds that it is neither erroneous nor contrary to law.

However, a defendant's default does not conclusively establish the amount of damages.  United States ex re. M-CO Constr., Inc. v. Shipco Gen., Inc., 814 F.2d 1011, 1014 (5th Cir. 1987) (citations omitted).  As the Magistrate Judge

5

noted, the amount of damages involved in this case is uncertain at this stage in the litigation.  Because Plaintiffs' damages are unliquidated, the Court must hold a hearing to determine the amount of damages.  Fed. R. Civ. P. 55(b)(2); James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993) (noting that in the context of a default judgment, unliquidated damages are normally not awarded without an evidentiary hearing).  Plaintiffs bring each of their causes of action against all of the defendants, and the Court cannot distinguish damages that flow from Spring Aviation and Guiding Posts's acts or omissions from damages that flow from the other defendants' acts or omissions at this time.

> The Court agrees with the Magistrate Judge that the appropriate procedure going forward is to hold a hearing regarding the amount of damages attributable to Spring Aviation and Guiding Post after trial.  However, the Court holds that the better procedure is to grant the Plaintiff's Motion.  Because the Court has determined that Plaintiffs are entitled to an entry of default judgment, the Court grants their Motion at this time.  See Gamboa v. Grace Paint Co., Inc., No. 3:10-CV-416-DPJ-FKB, 2012 WL 774995, at *1 (S.D. Miss. Mar. 7, 2012) (granting default judgment before holding an evidentiary hearing on the amount of damages).  The amount of damages, if any, shall be determined at a later date, after a hearing on the matter.

CONCLUSION

For the reasons stated above, the Court **ADOPTS IN PART** the Magistrate Judge's Report and Recommendation.  (Dkt. # 42.)  The Court **GRANTS** Plaintiff's Motion for Entry of Default Judgment (Dkt. # 40) pending an evidentiary hearing on the amount of damages following trial.

**IT IS SO ORDERED.**

**DATED:** Pecos, Texas, July 29, 2015.

_____
David Alan Ezra
Senior United States Distict Judge